Xu v. Holder

BIA
Vomacka, IJ
A089 253 586
A089 253 587

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of October, two thousand fourteen.

PRESENT:
> JOHN M. WALKER, JR.,
> ROSEMARY S. POOLER,
> REENA RAGGI,
> *Circuit Judges.*

_____

CHENG SHU XU, XUE FAN PIAO,
> *Petitioners,*

v.                                              12-1556
                                                NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONERS:         Evan Goldberg, Of Counsel for the Law Office of Theodore M. Davis, New York, NY.

FOR RESPONDENT:          Stuart F. Delery, Acting Assistant Attorney General; John S. Hogan, Senior Litigation Counsel; Ashley Y. Martin, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Cheng Shu Xu and Xue Fan Piao, wife and husband and natives and citizens of China, seek review of a March 29, 2012, order of the BIA, affirming the December 21, 2009, decision of Immigration Judge ("IJ") Alan Vomacka, pretermitting their applications for asylum and denying withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Cheng Shu Xu*, *Xue Fan Piao,* Nos. A089 253 586/587 (B.I.A. Mar. 29, 2012), *aff'g* Nos. A089 253 586/587 (Immig. Ct. N.Y. City Dec. 21, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's opinions, including the portions of the IJ's decision not explicitly discussed by the BIA. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Petitioners challenge only the denial of withholding of removal and CAT relief on the basis of their harboring of North Korean refugees in China.

2

For applications governed by the REAL ID Act of 2005, the agency may base a credibility finding on an asylum applicant's demeanor, the plausibility of her account, and inconsistencies in her statements, without regard to whether they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *Matter of J-Y-C-*, 24 I. & N. Dec. 260, 265 (B.I.A. 2007).  "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).

Petitioners do not contest the credibility-based denials of their family planning claims and Xu's pro-democracy claim. Instead, Petitioners argue that the agency's adverse credibility determination did not apply to their refugee harboring claim.  However, Petitioners' argument is misplaced.  Indeed, the IJ explicitly determined that the lack of corroborating evidence concerning the scar that Xu allegedly obtained during her detention for refugee harboring further undermined her credibility.  Moreover, because Xu's and Piao's applications indicated that they fled China for fear of being sent for medical treatment if

3

they were again caught harboring refugees, the uncontested discrepancies in the record concerning when Piao left his home, when he left China, and where and for how long he went into hiding in between related directly to Petitioners' refugee harboring claim.

In addition, the IJ properly based the adverse credibility determination, in part, on an inconsistency between Petitioners' application statements concerning who was primarily responsible for harboring the North Korean refugees. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Although the IJ acknowledged that this inconsistency was not a major point, "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." *Xiu Xia Lin*, 534 F.3d at 167. Here, in addition to this admittedly minor point, the totality of the circumstances included extensive and uncontested discrepancies in the record concerning Petitioners' family planning claims and Xu's pro-democracy claim, as well as an explicit finding that Xu had deliberately misstated answers to other questions in an attempt to inflate Petitioners' claims. All

4

of these discrepancies, coupled with the identified refugee-harboring-specific discrepancies, afforded a reasonable basis for the agency to deny all of Petitioners' claims, which were entirely dependent on their credibility. *See Xiu Xia Lin*, 534 F.3d at 167; *Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *cf. Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007). Therefore, we are unable to conclude, based on the totality of the circumstances, that "no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

Having called Petitioners' credibility into question, the agency reasonably noted that Xu's failure to provide corroborative evidence concerning the scar on her wrist, which she testified was the result of being stepped on during her March 2006 detention for refugee harboring, further undermined her credibility. *See* 8 U.S.C. § 1158(b)(1)(B)(ii) ("The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, *but only if* the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee." (emphasis added)). Although Petitioners contend, based on non-

controlling authority, that the agency imposed an unreasonable requirement that Xu produce medical evidence demonstrating that her scar was from the beating, the IJ merely stated that it *may be possible* and often has been possible to obtain medical evidence concerning the cause of the scar. We have recognized that an applicant's failure to corroborate her testimony may bear on credibility, either because the absence of particular corroborating evidence is viewed as suspicious, or because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).

Because the agency's credibility-based denial of Petitioners' refugee harboring claim is supported by substantial evidence, Petitioners' assertion that the agency erred in failing to explicitly assess the country conditions evidence concerning the treatment of North Korean refugee harborers in China is misplaced. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006) (presuming that the agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise"); *Zhi Yun Gao v. Mukasey*, 508 F.3d 86,

6

87 (2d Cir. 2007) (the agency "need not expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner" (internal quotation marks omitted)); *see also INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

Lastly, because, as the BIA recognized, the only basis for Petitioners' claims depended on their credibility, the agency also did not err in denying CAT relief on Petitioners' refugee harboring claim. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7